# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| REGINALD CHARLES HARVEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE OF TENNESSEE, MARK ) <br> BENDER, P. EGO, JANE DOE, JOHN ) <br> DOE #1, AMANDA MORRIS, ) <br> GENERAL SESSIONS CRIMINAL ) <br> COURT, JOHN DOE #2, AND OFFICER ) <br> WISE, ) <br> ) <br> Defendants. ) | No.: 1:17-CV-297-CLC-CHS |

## MEMORANDUM OPINION

Plaintiff is a pro se prisoner who filed his complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983 in this action on October 18, 2017, based upon allegations that Defendants used excessive force against him and committed other improper acts arising out of an incident on October 29, 2015, in which various officers attempted to force Plaintiff to vacate certain property pursuant to an eviction notice and carried out what Plaintiff alleges was an unconstitutional search and seizure of his property [Doc. 2 at 9–25]. Based on this incident, Plaintiff relies on Uniform Commercial Code 3-401 to assert that Defendants violated 42 U.S.C. §§ 1982, 1983, 1986, and 241, 18 U.S.C. § 242, and his rights under the Fourth, Fifth, and Fourteenth Amendments by falsely arresting and imprisoning him and illegally searching him and seizing his property without a warrant [Doc. 2 at 19–23]. While Plaintiff was charged with a number of crimes arising out of this incident, all such charges were dismissed on August 23, 2016 [Doc. 2 at 31]. For the reasons set forth below, however, the complaint is untimely and therefore fails to state a claim upon which relief may be granted under § 1983. As such, this action will be **DISMISSED**.

## I. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Polk County v. Dodson*, 454 U.S. 312, 315 (1981).

## II. ANALYSIS

District courts apply state statutes of limitations to § 1983 claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). Tennessee applies a one-year statute of limitations to § 1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(1). Federal law, however, determines "[t]he date on which the statute of limitations begins to run in a § 1983 action." *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 634–35 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)).

The statute of limitations for many of Plaintiff's civil rights claims began to run on October 29, 2015, the date of Plaintiff's arrest and the alleged illegal search and seizure of Plaintiff's property without a warrant. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir 2007) (holding that a claim for excessive force under § 1983 arising out of the effectuation of an arrest accrues at the time of arrest); *Michel v. City of Akron*, 278 F. App'x 477, 479–80 (6th Cir. 2008) (holding that a Fourth Amendment claim under § 1983 begins to run at the time of the search and seizure); *Otworth v. Vanderploeg*, 61 Fed. App'x 163, 165 (6th Cir. 2003) (holding that the statute of limitations for a due process claim began to run when the plaintiff had reason to know that he was subject to certain restrictions on a property he inherited).

The latest date on which the statute of limitations for Plaintiff's other civil rights claims began to run would be August 23, 2016, however, as that is the date on which the criminal charges against Plaintiff based on the incident in the complaint were dismissed [Doc. 2 at 31]. *See* Tenn. Code. Ann. § 28-3-104(a); *see also King v. Harwood*, 852 F.3d 568 (6th Cir. 2017) (holding that the statute of limitations for a malicious prosecution claim under § 1983 did not begin to run until the date on which a charge is dismissed); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (holding that the statute of limitations for false imprisonment claim under § 1983 begins to run when plaintiff is released from false imprisonment).

As such, all of Plaintiff's claims, which he filed on October 18, 2017 [Doc. 2 at 26], are clearly time-barred.

**III.     CONCLUSION**

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983. Accordingly, this action

will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A) and Plaintiff's pending motions [Docs. 24, 2, 29, 30, and 31] will be **DENIED as moot**.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**